IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**AARON FARROW,**

    Petitioner,

v.                                                     Civil Action No. **3:20cv302**

**JUSTIN S. ANDREWS,**
*Warden,*

    Respondent.

## MEMORANDUM OPINION

Aaron Farrow, a federal inmate proceeding with counsel, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 13.)[1] Warden Justin S. Andrews filed a motion to dismiss. (ECF No. 15.) Farrow filed a response in opposition, (ECF No. 17), and Warden Andrews replied, (ECF No. 18). On February 11, 2021, the Court granted the motion to dismiss as to two of Farrow's three claims and directed the United States to file a renewed motion to dismiss to explain a one-month discrepancy in Farrow's projected release date. (ECF No. 21.) On March 8, 2021, the United States timely filed its renewed Motion to Dismiss, (the "Motion to Dismiss"). (ECF No. 22). Farrow did not respond, and the time to do so has expired. For the reasons set forth below, the Court will grant the Motion to Dismiss.

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He [or she] is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He [or she] is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He [or she] is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

## I. Procedural History and Summary of Farrow's Claims

On June 12, 2013, the United States District Court for the Western District of Pennsylvania sentenced Farrow for three counts: (1) conspiracy to distribute and possess with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 846, (Count One); (2) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, (Count Three); and, (3) using and carrying a firearm during and in relation to a drug trafficking and violent crime, in violation of 18 U.S.C. § 924(c), (Count Five). (§ 2241 Pet. Ex. C, 1, ECF No. 13-3.) The Sentencing Court imposed a total prison term of 70 months, compromised of "28 months of imprisonment at each of Counts 1 and 3 . . . to be concurrently served and 42 months imprisonment at count 5 to be consecutively served to the sentence imposed at counts one and three." (*Id.* 2.) The Sentencing Court continued, "8 months of the 28-month term of imprisonment imposed at each of counts 1 and 3 . . . shall be concurrently served with any sentence imposed with respect to defendant's pending state court charges at criminal action no. 9699-2012." (*Id.*)

After being sentenced in federal court, the Court of Common Pleas in Allegheny County, Pennsylvania sentenced Farrow "to a minimum period of six years and eight months imprisonment and a maximum period of 14 years imprisonment for the aggravated assault conviction." (Mem. Supp. Resp't's Mot. Dismiss 2, ECF No. 16.) The Allegheny County court required that Farrow's state sentence "run concurrent with the Federal sentence imposed at CR#10-224." (§ 2241 Pet. Ex. H, ECF No. 13-8.) The state court order further specified that the state sentence "shall commence 06/17/2013," five days after the federal court sentenced Farrow. (*Id.*) The state court order also credited Farrow with 1007 days of prior custody time from the date of his arrest on September 15, 2010, until June 17, 2013, the date of his state sentence, while confined in Allegheny County Jail. (*Id.*)

2

On March 7, 2018, Pennsylvania paroled Farrow from his state sentence. (§ 2241 Pet. Ex. D, ECF No. 13-4.) On April 13, 2018, the Bureau of Prisons ("BOP") assumed custody of Farrow. (§ 2241 Pet. Ex. I, ECF No. 13-9.) Although the BOP had listed Farrow's release date as July 31, 2022, *see* Bureau of Prisons, *Fed. Inmate Search*, https://www.bop.gov/inmateloc/, records attached to the United States' initial motion to dismiss showed Farrow's projected statutory release date as June 27, 2022. (Mem. Supp. Resp't's Mot. Dismiss Ex. 1, ECF No. 16-1.)

In his § 2241 Petition, Farrows sought relief based upon the following claims:

Claim One: "At federal sentencing, defendant Farrow was awarded credit for presentence time served in federal U.S. Marshal custody, which was 19 months." (§ 2241 Pet. 7.)

Claim Two: "Judge Flowers Conti Imposed an 8 month concurrent federal sentence to that of the state sentence, at Farrow's federal sentencing on 6/12/2013." (*Id.* at 8.)

Claim Three: "The Federal BOP at FCI Loretto has not awarded Farrow credit for either the 19 months in federal Marshal custody prior to his federal sentencing, or the 8 month concurrent federal sentence to that of the state sentence." (*Id.*)

After reviewing the initial motion to dismiss, the Court dismissed Farrow's first and third claims, finding that the BOP had correctly calculated his sentence after taking into consideration his presentence time in custody as it related to his state sentence. (ECF No. 21.) The Court noted, however, that "[t]here exists a discrepancy... in the records... regarding Farrow's projected release date." (Feb. 11, 2021 Mem. Op. 9, ECF No. 20.) As a result, the Court denied the motion to dismiss without prejudice as to Claim Two and allowed the United States to file a renewed motion to dismiss to "specifically address the computation of Farrow's release date from federal prison." (*Id.* 10.)

In the renewed Motion to Dismiss, the United States avers that the "discrepancy in dates was due to an error computing [Farrow's] release date." (Mem. Supp. Mot. Dismiss 4, ECF

3

No. 23.) The United States explains that "[o]nce the error was identified, [Farrow's] projected release date was recomputed to the correct date of July 31, 2022." (*Id.*) The records now consistently show a July 31, 2022 projected release date. (*See* Sentence Monitoring Computation Data, ECF No. 23-1.) Farrow did not respond to the renewed Motion to Dismiss.

## II. Standard of Review

Prisoners may properly challenge the execution or computation of a federal prison sentence through a petition for habeas corpus brought pursuant to 28 U.S.C. § 2241. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (holding that "[a] claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself [and] must be sought under 28 U.S.C. § 2241"). Section 2241 authorizes a federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez–Martinez v. Drew*, No. 8:11–cv–00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he or she remains in custody.[2] *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2006).

Before properly bringing a § 2241 habeas petition in federal district court, a petitioner must exhaust his or her administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335

---

[2] The Parties do not contest this Court's jurisdiction to resolve the instant § 2241 Petition. The BOP houses Farrow in Petersburg Low FCI, rendering jurisdiction proper in the Eastern District of Virginia.

(1992); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999). A reviewing court may only excuse a petitioner's failure to exhaust upon a showing of cause and prejudice. *Carmona v. United State Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). "Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (discussing Prisoner Litigation Reform Act, 42 U.S.C. § 1997e *et al*). First, "exhaustion protects administrative authority [by] giv[ing] an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is [hauled] into federal court, and it discourages disregard of [the agency's procedures]." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) (internal quotations omitted). Second, exhaustion helps promote efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court.[3] *Id.*

As an initial matter, the Attorney General administers federal sentences through the BOP. *Wilson*, 503 U.S. at 335. The BOP conducts such administration according to 18 U.S.C. § 3585, which states:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to he served.
> **(b) Credit for prior custody.**—A defendant shall he given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

---

[3] The Parties do not dispute that Farrow has exhausted his administrative remedies by seeking relief from the BOP. The record establishes that on September 14, 2018, the BOP "partially granted" Farrow's appeal of his sentence computation. (§ 2241 Pet. Ex. F, ECF No. 13-6.) The BOP stated that it "computed [Farrow's sentence] as commencing on July 8, 2017." (*Id.*) July 8, 2017 is eight months prior to March 7, 2018, the day on which Pennsylvania paroled Farrow. As such, the Court may properly turn to the merits of his § 2241 Petition.

5

> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

While Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences, a federal sentence cannot commence prior to its pronouncement, even if made concurrent with a sentence already being served. *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (finding that defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently); *Coloma v. Holder*, 445 F.3d 1282, 1285–86 (11th Cir. 2006) (finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence).

The second part of the statute, § 3585(b), governs the BOP's calculation of a federal prisoner's sentence. The Supreme Court has held that 18 U.S.C. § 3585(b) prohibits double-crediting, *i.e.*, awarding credit for presentence time already credited against another sentence. *Wilson*, 503 U.S. at 331–32, 337. However, notwithstanding 18 U.S.C. § 3585(b),

> the Fifth and Seventh Circuits indicated that a petitioner was entitled to time spent in *presentence* State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. *See Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993) (even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence).

*Spor v. Warden*, No. 1:16-05310, 2017 WL 1078188, at *5 (S.D. W. Va. Jan. 25, 2017). *Kayfez* and *Willis* presentence state custody credits function as exceptions to the general rule against

6

"awarding credit for presentence time served against one sentence if that time already has been credited against another sentence." *Id.* (quoting *United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001)).

BOP Program Statement 5880.28 codifies the rules announced in *Kayfez* and *Willis*. *See Lemons v. Quintana*, No. 08–87, 2010 WL 4388066, at *9 n.12 (W.D. Pa. Oct. 29, 2010). Pursuant to *Kayfez* and Program Statement 5880.28, the BOP may grant prior custody credit, despite resulting in double credit toward a state sentence, when the following three conditions are met:

> [(1)] the **non-federal and federal sentences are concurrent**, [(2)] the Raw EFT[4] of the non-federal term is greater than the Raw EFT of the federal term, and . . . [(3)] the non-federal Raw EFT, after application of the **qualified** non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT . . . .

Program Statement 5880.28, P. 1-22B through 1-22C. Pursuant to *Willis* and Program Statement 5880.28, the BOP may grant prior custody credit when "[(1)] the federal and non-federal terms are concurrent[,] and [(2)] the Raw EFT of the non-federal term is equal to or less than Raw EFT of the federal sentence." *Id.* P. 1-22. With this framework in mind, the Court turns to the merits of Farrow's second claim in his § 2241 Petition.

### III. Analysis

After due consideration, the Court will grant the renewed Motion to Dismiss. The Court previously dismissed Farrow's first and third claims. The Court now dismisses Farrow's second

---

[4] "Raw EFT" refers to the "raw effective full term" of a sentence. *Spor*, 2017 WL 1078188, at *5. BOP Program Statement 5880.28 explains that,

> The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.

Program Statement 5880.28 P. 1-14.

7

claim regarding whether the BOP has properly run eight months of his federal sentence concurrent with his state sentence because the United States has corrected the record for Farrow's projected release date.

Records show that the BOP commenced Farrow's federal sentence on July 8, 2017, exactly eight months prior to his parole from state prison on March 7, 2018, to account for the concurrent portion of his federal sentence. (Mem. Supp. Resp't's Mot. Dismiss Ex. 1, ECF No. 16–1.) Although a discrepancy previously existed regarding Farrow's projected release date, updated records from the BOP now confirm that Farrow's projected release date is estimated to be on July 31, 2022. (*See* Edith Rohmer Decl., ECF No. 23-3.) Farrow does not dispute this updated computation. As a result, the BOP has properly calculated Farrow's sentence and release date, and the Court will grant the renewed Motion to Dismiss as to Claim Two.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. (ECF No. 22.)

Date: April 29, 2021
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge